UNITED STATES DISTRICT COURT
ARIZONA – TUCSON

| | |
|---|---|
| ☒ FILED   ☐ LODGED | |
| Jan 14 2026 | |
| CLERK U.S. DISTRICT COURT DISTRICT OF ARIZONA | |

January 5, 2026

USA v. Kyle Brandon Gonzales            Case Number: 25-13129MJ-001-TUC-BGM

## ORDER SETTING CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(l)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

Defendant is ORDERED released on PERSONAL RECOGNIZANCE (O/R).

**Defendant shall be transported bag and baggage to the Sandra Day O'Connor Courthouse U.S. Marshal cell block for release to a treatment facility on January 14, 2026.**

**NEXT APPEARANCE:** as directed by the Court.

**DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS:**

1. The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

2. The defendant shall not commit any federal, state, tribal or local crime.

3. The defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

4. The defendant shall IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR to any change in residence address, mailing address or telephone number.

5. The defendant shall report as directed to the Pretrial Services Division 1-800-758-7505 or 520-205-4350; 405 W. Congress St., Suite 2600, Tucson, AZ 85701.

6. The defendant acknowledges that **videotaped depositions** of material witnesses may be taken. The defendant is responsible for knowing the time and date of depositions and for appearing at depositions. The defendant's failure to appear will not delay or constitute cause for the continuance of the depositions and will be deemed a waiver of the defendant's right to confront the witness(es) in person. The depositions will proceed as scheduled on **1/13/2026 at 1:00 PM**.

    Initials: _KG_    Date: January 5, 2026

7. The defendant shall abide by the following restrictions on his or her personal associations, place of abode or travel:

    a. The defendant shall not travel out of the state of Arizona, unless prior court permission is granted to travel elsewhere.

CC:   Pretrial Services, USM

8. The defendant shall not possess or attempt to acquire any **firearm**, destructive device, or other dangerous weapon or ammunition.

9. The defendant shall maintain or actively seek employment (or combination work/school) and provide proof of such to Pretrial Services.

10. The defendant shall not consume alcohol.

11. The defendant shall submit to breathalyzer or urinalysis testing, as directed by the supervising officer.

12. The defendant shall not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not possess, ingest, or otherwise use a synthetic cannabinoid or synthetic narcotic. The defendant shall participate in drug treatment and submit to drug testing and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

13. The defendant shall participate in a mental health treatment program and comply with all the treatment requirements including taking all medication prescribed by the mental health care provider and make copayment toward the cost of services as directed by Pretrial Services.

14. The defendant shall resolve all pending lower court matters and provide proof of such to Pretrial Services.

15. The defendant shall reside at an inpatient substance use treatment facility or a halfway house, as deemed appropriate, and shall follow all program requirements including the directions of staff members. The defendant is required to make a copayment toward the cost of services as directed Pretrial Services. The U.S. Marshal Service is authorized, if requested by the program director or an authorized staff member, to remove the defendant from the program for noncompliance at any time including evenings, weekends and holidays and place the defendant in temporary custody pending court proceedings. Upon completion, the defendant is allowed to reside at a residence approved by Pretrial Services.

### ADVICE OF PENALTIES AND SANCTIONS

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF DEFENDANT |
|---|---|---|
| 01/05/26 | [signature] | Ref the Pretrial Services Division Report - not public record |

**This order authorizes the U.S. Marshal to release the defendant from custody.**

**Bond set by:** Michael A. Ambri     **Defendant released by:** Michael A. Ambri

Signed before me on this date: 1/5/2026

By U.S. Magistrate Judge: [signature]

Case Number: 25-13129MJ-001-TUC-BGM     January 5, 2026

USA v. Kyle Brandon Gonzales     Page 4 of 4

Witnessed and acknowledged before:

| DATE | SIGNATURE OF WITNESS |
|---|---|
| 1/5/26 | [signature] |